# G. H. CARVER ET AL v. WILLIAM SPENCE.

## MAY TERM, 1895.

*Sale of real estate upon petition for partition. Inadequacy of price no ground for setting aside proceedings.*

Where upon a petition for the partition of real estate the commissioners have, under order of the county court and upon due notice, sold the property, their report should be accepted and distribution of the funds received ordered, notwithstanding that the price was grossly inadequate.

Petition for the partition of real estate. Heard upon the report of commissioners at the September term, 1894, Rutland county, START, J., presiding. The court held as matter of law that the exceptions of the petitioners to the report presented no law question and ordered distribution of the fund. The petitioners except.

*G. E. Lawrence* for the petitioners.

*J. C. Baker* for the defendant.

The judgment and order of sale were conclusive. *Ward* v. *Mitchell*, 17 N. Y. 210; *Brooks* v. *Davey*, 109 N. Y. 495.

TYLER, J. The petitioners, who owned one undivided half of the real estate, made petition to the county court against the petitionee, who owned the other undivided half, that partition of the estate be made. Judgment was rendered that partition be made, and commissioners were ap-

pointed, who, upon an examination of the property, reported that partition could not be made without great inconvenience to the parties interested. Thereupon the court so adjudged, and ordered that the property be assigned to one of the parties upon payment by him of such sums of money to the other parties, and at such times and in such manner as the commissioners should adjudge equitable, and recommitted the report for that purpose. The commissioners again reported that none of the parties interested would take an assignment and pay the appraisal. Upon this report coming in the court directed the commissioners to sell the property at public auction. After due notice the commissioners sold the property at public auction to the petitioners for twelve thousand dollars, that being the highest bid therefor, upon terms that seven hundred dollars be paid at once and the remainder at a time fixed. They took the individual checks of the purchasers for one hundred and seventy-five dollars each, endorsed or guaranteed by all the others. They also took from them a written agreement that in case they failed to make said checks good, or to pay the balance of the purchase price of twelve thousand dollars, so much of the seven hundred dollars as should not be paid should be deducted from their share of the proceeds of a re-sale of the property, for the benefit of the petitionee. Two of the checks were paid; payment of the other two was refused; they were duly protested and due notice of non-payment was given. Payment of the remainder of the twelve thousand dollars was not made, and after sufficient delay the commissioners again advertised the property for sale at public auction and sold the same to one John L. Spence for one thousand dollars, which was the only bid therefor. The one thousand dollars was paid by the purchaser, and the commissioners executed and delivered to him a deed of the property pursuant to the rule of the court.

All the proceedings were in compliance with the require-

ments of the statute. It also appears that Mr. McCormick, attorney for the petitioners ; Mr. Barden, one of the petitioners ; Mr. Baker, attorney for the petitionee, and many others were present at the sale.

The price received was much less than the value of the property, but the commissioners were competent men, the sale was advertised four successive weeks in the Rutland Weekly Herald and four successive weeks daily in the Daily Herald and by posting notices of the sale in the town of Wallingford, where the property was situated, and in several other towns in the county, and personal notice of the sale was given to the attorneys of all the parties. It does not appear that the commissioners were requested to adjourn the sale, nor that any suggestion was made to them that a higher price might be obtained at a later time. No fraud is alleged, and the commissioners were warranted in giving title upon receipt of the price. If the court below had refused to accept the report, it could not have divested the title that had passed to the petitionee.

The exceptions present no question of law for revision. The court below properly directed payment of the costs and expenses from the proceeds of the sale, and a division of the remainder among the parties in accordance with their respective interests.

*Judgment affirmed.*